DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Wood County Court of Common Pleas which, following a sexual offender classification hearing, found appellant, Jesus Zamora, to be a sexual predator. For the reasons stated herein, this court affirms the judgment of the trial court.
Appellant sets forth the following assignment of error:
"ASSIGNMENT OF ERROR
 "THE TRIAL COURT DENIED DEFENDANT-APPELLANT DUE PROCESS AND COMMITTED PREJUDICIAL ERROR IN ADMITTING STATE'S EXHIBITS 5, 6, 8, 9, 10, 13, 14, AND 15, OVER APPELLANT'S OBJECTIONS THAT SAID EXHIBITS WERE NOT PROPERLY AUTHENTICATED."
The following facts are relevant to this appeal. On May 3, 1984, appellant was indicted for the offenses of rape of a child less than thirteen and felonious sexual penetration of a minor. The victim was the then seven year old daughter of the woman with whom appellant lived. On August 15, 1984, appellant was convicted of the rape charge and sentenced to life imprisonment. On April 19, 1985, this court affirmed that conviction.
On October 18, 2000, a sexual offender classification hearing was held. The state presented evidence, primarily exhibits, regarding appellant's likelihood to commit sex offenses in the future. Appellant's counsel objected to the authenticity and/or the relevancy of certain exhibits. The trial court sustained some objections but overruled other objections and admitted those exhibits.
Following the hearing, the trial court found appellant to be a sexual predator. The trial court's decision was journalized on February 16, 2001. A notice of appeal was timely filed.
In his assignment of error, appellant argues that the trial court erred in admitting, over appellant's objections that the exhibits were not properly authenticated, the state's exhibits 5, 6, 8, 9, 10, 13, 14, and 15[1]. This court finds no merit in this assignment of error.
In setting forth the procedural requirements for sexual offender classification hearings, R.C. 2950.09(B)(1) provides:
 "* * * At the hearing, the offender and the prosecutor shall have an opportunity to testify, present evidence, call and examine witnesses and expert witnesses, and cross-examine witnesses and expert witnesses regarding the determination as to whether the offender is a sexual predator. The offender shall have the right to be represented by counsel and, if indigent, the right to have counsel appointed to represent the offender."
Thus, while the statute provides that the offender and the prosecution shall have "the opportunity" to present evidence at the hearing, they are not required to do so. State v. Bailey (July 15, 1999), Franklin App. No. 98AP-1132, unreported. Furthermore, because "the prosecutor shall have an opportunity to testify," R.C. 2950.09(B)(1), various appellate courts have held that the trial court could rely on a prosecutor's recitation of facts. See, State v. McFadden (Oct. 6, 1999), Summit App. No. 19065, unreported (court could rely on prosecutor's statements in which he read 1985 investigation report prepared by investigating detective); State v. Rice (Feb. 18, 1999), Cuyahoga App. No. 72685, unreported (no error for trial court to consider facts recounted by prosecution underlying defendant's guilty plea). See, also, State v.Criss (Jan. 12, 2000), Summit App. No. 19298, unreported (trial court could rely on testimony of police sergeant who, though not personally involved in the investigation of the underlying crime, recounted contents of incident report and detective report). Thus, the facts contained in the documents of which appellant complains could have been presented to the court in a recitation of the facts by the prosecutor.
In State v. Cook (1998), 83 Ohio St.3d 404, 425, the Ohio Supreme Court held that the Ohio Rules of Evidence do not strictly apply to sexual predator hearings and reliable hearsay, such as presentence investigation reports, may be admitted and considered by the trial court. As the appellate court noted in Bailey, supra, "the offender has the opportunity to attack evidence that contains statements not subject to cross-examination, has the opportunity to call his or her own witnesses, present his or her own evidence, and counter any erroneous information presented by the state."
Additionally, in State v. Korecky (Oct. 31, 2000), Franklin App. No. 00AP-143, unreported, the appellate court concluded that the trial court did not err in admitting various pieces of documentary evidence that the defendant argued were without proper authentication, noting that the Ohio Rules of Evidence do not strictly apply to sexual predator hearings. In the case sub judice, the prosecutor responded to appellant's objections by detailing the source of the questioned documents, some of which were in the court's records of appellant's two convictions[2] (exhibit 5, trial transcript of victim's testimony in appellant's 1984 rape case; exhibit 10, copy of transcript of preliminary hearing in appellant's 1977 felonious assault case). Other questioned documents were from the state's own files regarding appellant's two prosecutions (exhibit 6, sheriff's report in appellant's 1984 rape case; exhibit 9, sheriff's report in appellant's 1977 felonious assault case; exhibit 13, copy of police interview in appellant's 1977 felonious assault case; exhibit 14, physician letter in regard to child's injuries in appellant's 1977 felonious assault case; and exhibit 15, transcript of interview with child victim conducted by social worker in appellant's 1984 rape case.) The final questioned document was exhibit 8, a faxed copy of a letter from appellant's prison case manager, dated July 30, 2000, with a cover sheet labeled Lima Correctional Institution and showing the fax transmittal information. Upon consideration of the facts in this case and the above law, this court finds that the trial court did not err in admitting the documents of which appellant complains.
A judge may find that an individual is a sexual predator[3] only if clear and convincing evidence shows that the individual has been convicted of or pleaded guilty to a sexually oriented offense and is likely to reoffend. R.C. 2950.01(E); R.C. 2950.09(B)(3); R.C.2950.09(C)(2)(b); State v. Ward (1999), 130 Ohio App.3d 551, 559. When making a determination as to whether a defendant is a sexual predator, the trial court shall consider all relevant factors, including, but not limited to, those set forth in R.C. 2950.09(B)(2).[4]
Clear and convincing evidence is:
 "* * * [t]hat measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal. (Citation omitted.)
 "Where the degree of proof required to sustain an issue must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." (Citation omitted.) Cross v. Ledford (1954), 161 Ohio St. 469, 477.
While clear and convincing evidence is "more than a mere preponderance" of the evidence, it is less than evidence "beyond a reasonable doubt."State v. Danby (1983), 11 Ohio App.3d 38, 41. "`Where the proof required must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof.'" In re Mental Illness ofThomas (1996), 108 Ohio App.3d 697, 700, quoting State v. Schiebel
(1990), 55 Ohio St.3d 71, 74.
The trial court is not required to find that the evidence presented supports a majority of the factors listed in R.C. 2950.09(B)(2). Statev. Fugate (Feb. 2, 1998), Butler App. No. CA97-03-065, unreported. In fact, the trial court may rely upon one factor more than another, depending upon the circumstances of the case. State v. Bradley (June 19, 1998), Montgomery App. Nos. 16662 and 16664, unreported. A trial court may find an offender to be a sexual predator "even if only one or two statutory factors are present, so long as the totality of the relevant circumstances provides clear and convincing evidence that the offender is likely to commit a future sexually-oriented offense." Statev. Clutter (Jan. 28, 2000), Washington App. No. 99CA19, unreported. A single sexually oriented conviction may support a finding that a defendant is a sexual predator in certain cases. State v. Eppinger
(2001), 91 Ohio St.3d 158, 167 (The circumstances of the crime for which the defendant was convicted can, without more, support the designation of sexual predator by clear and convincing evidence.)
Furthermore, evidence concerning an adult engaging in sexual activity with a young child is a factor to be considered in support of a sexual predator finding. R.C. 2950.09(B)(2)(a) and (c). See, also, State v.Maynard (1999), 132 Ohio App.3d 820, 826, appeal not allowed (1999),86 Ohio St.3d 1437 ("[T]he overwhelming statistical evidence support[s] the high potential of recidivism among sex offenders whose crimes involve the exploitation of young children.") See, also, State v. Eppinger,91 Ohio St.3d at 162 ("An offender who preys on children, for example, may fit the pedophile profile, a class of sex offenders known for their especially high rate of recidivism.) In the case sub judice, the victim, at the time of the abuse, was only seven. The marked difference in age and power between appellant and his victim demonstrated his predatory nature, suggesting a propensity to commit future sexually oriented offenses.
Accordingly, appellant's assignment of error is found not well-taken.
Having found appellant's assignment of error to be without merit, this court affirms the judgment of the Wood County Court of Common Pleas classifying appellant as a sexual predator. It is ordered that appellant pay court costs for this appeal.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, J., Melvin L. Resnick, J., and James R. Sherck, J. concur.
[1] The exhibits are the following:
 exhibit 5, trial transcript of victim's testimony in appellant's 1984 rape case; exhibit 6, sheriff's report in appellant's 1984 rape case; exhibit 8, faxed copy of a letter from appellant's prison case manager; exhibit 9, sheriff's report in appellant's 1977 felonious assault case; exhibit 10, copy of transcript of preliminary hearing in appellant's 1977 felonious assault case; exhibit 13, copy of police interview in appellant's 1977 felonious assault case; exhibit 14, physician letter in regard to child's injuries in appellant's 1977 felonious assault case; and exhibit 15, transcript of interview with child victim conducted by social worker in appellant's 1984 rape case.
[2] In 1977, appellant was convicted of felonious assault for the beating of a two year old girl which resulted in her hospitalization.
[3] A sexual predator is statutorily defined as a person who has been convicted of or pled guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses.
[4] R.C. 2950.09(B)(2) lists the following factors:
"(a) The offender's age;
 "(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 "(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 "(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offenses or to prevent the victim from resisting;
 "(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense, and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 "(g) Any mental illness or mental disability of the offender;
 "(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 "(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 "(j) Any additional behavioral characteristics that contribute to the offender's conduct."